Judge: Hon. Christopher M. Alston
Chapter: 7

# UNITED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

CHRIS YOUNG DONG YOO,
JIEUN SONG YOO,

           Debtors.

EDMUND J. WOOD, solely in his capacity as the Chapter 7 Trustee of the Estate of Chris Young Dong Yoo and Jieun Song Yoo,

           Plaintiff,

vs.

CHRIS YOUNG DONG YOO and JIEUN SONG YOO, husband and wife and the marital community composed thereof,

           Defendants.

Bankruptcy Case No. 16-10191-CMA

Adversary No.

COMPLAINT OBJECTING TO DEBTORS' DISCHARGE PURSUANT TO SECTION 727 OF THE BANKRUPTCY CODE

EDMUND J. WOOD, solely in his capacity as the Chapter 7 Trustee of the above-referenced bankruptcy estate, by and through his undersigned counsel alleges and complains as set forth below.

## I. INTRODUCTION

The Debtors, through and with their wholly owned companies, were operating a Ponzi scheme. A lot of people invested a lot of money with Mr. Yoo and now it is all gone. Where it went is unknown The number of investors, their identities, and the amount of money is not known because the Debtors made the deliberate decision not to list them as creditors on the schedules. Seriously, the Debtors did not list one of the investor/creditors from this Ponzi scheme on their original schedules. Thus their creditors never received notice of the bankruptcy filing, information as to the date and

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 1

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

time of the §341 meeting, or notice of the discharge deadline. At the section 341 meeting Debtor Chris Yoo testified that the amount of money that his companies were "managing" was close to $100 million. Thus of $100 Million Dollars of potential creditor claims, not one was scheduled.

Some of the investors filed a petition in King County Superior Court to appoint a receiver for two of Yoo's funds, Summit Stable Value Fund, LLC ("SSVF") and Summit Strategic Opportunities Fund, I, LLC ("SSOP I") ("King County Action"). According to the Complaint filed in the King County Action, SSOP I sold membership interests. and SSVF sold promissory notes to investors. These two funds were managed by another of Yoo's entities, Summit Asset Investment Management, LLC., ("SAS Management"). SAS Management was compensated with a fee equal to all of SSVF's net fund profits. SAS Management's fee for SSOP I was calculated on an annual fee of 2.4%. Because of the methods of calculating SAS Management's fees there was great incentive to overstate the reported value of the funds which SAS Management did in order to generate huge fees for itself. That was one aspect the Debtors fraudulent financial scheme.

The second aspect of the fraudulent financial scheme was to enter into a series of related-party transactions with foreign companies controlled by SAS Management or Yoo that also served two purposes: 1) to overstate the value of these foreign companies; and 2) to hide the misappropriation of the investor funds.

The third aspect of the fraudulent financial scheme was just simple theft. People invested money with Yoo and his companies and understood that the money was held as investments with J.P. Morgan, Rydex, Guggenheim Investments, or other legitimate bank or brokerage firms. However, once the SEC shut down Yoo and his

COMPLAINT OBJECTING  
TO DISCHARGE PURSUANT  
TO SECTION 727 OF THE CODE  
Page 2

**Wood & Jones, P.S.**  
303 N. 67th Street  
Seattle WA 98103  
(206) 623-4382

companies, the investors contacted these entities and were advised that they held no money on their behalf.

Pursuant to RCW § 21.20.430(3) "every person who directly or indirectly 'controls' a seller" is liable under RCW § 21.20.430(1).[1] Both SAS Management and Chris Yoo personally have substantial liability because each "controlled" both SSVF and SSOP I. Further, to the extent that SAS Management is liable, Yoo also has "control person" liability pursuant to RCW § 21.20.430(3) because be directly "controlled" SAS Management, and also because he thus "indirectly" controlled SSVF and SSOP I. Accordingly, all of the creditors were required to be listed.

## II. PARTIES

2.1   Chris Young Dong Yoo and Jieun Song Yoo, filed a voluntary Chapter 7 bankruptcy petition on January 18, 2016 ("Petition Date") in the United States Bankruptcy Court for the Western District of Washington at Seattle.

2.2   Edmund J. Wood was appointed as the Chapter 7 Trustee on January 18, 2016. Edmund J. Wood, (hereinafter "Trustee") brings this action solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Chris Yoo and Jieun Yoo.

## III. JURISDICTION AND VENUE

3.1   This Court has jurisdiction pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, 11 U.S.C. §727 and general rule 7 of the United States District Court for the Western District of Washington dated May 22, 1985.

3.2   Venue is proper in this Court. At all times relevant hereto the Debtor resided within the jurisdiction of this Court and conducted business within the jurisdiction of this Court, and filed his bankruptcy petition within the jurisdiction of this Court.

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 3

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 16-01179-CMA    Doc 1    Filed 07/22/16    Ent. 07/22/16 17:55:42    Pg. 3 of 17

3.3   This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(J).

## IV.   STATEMENT OF FACTS

**Summit Asset Groups**

4.1   Debtor Chris Yoo was the 100% owner and a control person of various corporations which all start with the name "Summit Asset Strategies". He was the sole shareholder of Summit Asset Strategies Group, LLC ("SAS Group"). Summit Asset Strategies Group, LLC was the named member in other Summit Asset LLC's (collectively "Summit Asset Companies").

**Audit by Securities and Exchange Commission**

4.2   According to Yoo, on May 8, 2413 the SAS Companies were notified that the SEC would be conducting a routine examination of their books, records and compliance procedures. The SEC examiners conducted a 5- day on-site audit. The SEC regional office in San Francisco continued its examination for the next 9 months. In January of 2014 the SEC sent a deficiency letter to the SAS companies and the SAS companies agreed the deficiencies would be corrected. However, the SEC had issues with how the SAS Group was valuing certain assets.

4.3   On August 8, 2014 the SAS Companies received notification from the SEC that they were under investigation again because they believed Yoo and SAS Management were fraudulently inflating the values of investments in SSOP I and SSVF so they could attain unearned management fees.

4.4   Sometime in the summer of 2015 the SEC and the SAS Companies agreed to a settlement. On September 4, 2015 the SEC filed a complaint in the U.S. District Court against Yoo, SAS Management and SAS Wealth. On or about the same day the SEC

---

[1] *Hines v. Data Line Systems, Inc.*, 114 Wn.2d 127, 135-36, 787 P.2d 8, 13-15 (1990) (relying upon authorities construing the analogous 17 C.F.R. § 230.405 when interpreting RCW § 21.20.430(3)).

COMPLAINT OBJECTING **Wood & Jones, P.S.**
TO DISCHARGE PURSUANT 303 N. 67th Street
TO SECTION 727 OF THE CODE Seattle WA 98103
Page 4 (206) 623-4382

Case 16-01179-CMA   Doc 1   Filed 07/22/16   Ent. 07/22/16 17:55:42   Pg. 4 of 17

issued a press release indicating the parties had agreed to a settlement, pursuant to which Yoo and SAS Management agreed to pay more than $1 Million and SAS Wealth agreed to pay approximately $180,000.00.

4.5     Thereafter Yoo "re-organized" all of the SAS Companies into a new company called Vertex Strategies, Inc. which was to open on November 16, 2015.

4.6     The Debtors filed this Chapter 7 bankruptcy petition two months later on January 18, 2016.

**False Statements on Bankruptcy Schedules**

**Schedule J**

4.7     On Schedule J the Debtors were required to list their expenses, including the rental or home ownership expenses. The Debtors listed $3,800.00 as the monthly rent for the house located at 9867 NE 14th Street, Bellevue, Washington 98004 ("14th Street Property"). This rental house is 5,500 square feet with 7 bedrooms, 5 bathrooms and has a Zillow value of $2,850,940.00. However, the amount the Debtors were paying for rent was not $3,800.00 it was $6,280.00 which was paid by monthly check out of their US bank checking account, account number ending 1388.

4.8     The Debtors own a 2005 BMW 3 Series M3 Coupe with $35,000.00 remaining owing on the loan and a 2012 Mercedes-Benz GL450 4 WD with $45,500.00 remaining owing on it. The monthly payments are $554.80 and $894.58 respectively. The Debtors sought authority to reaffirm these obligations despite the fact that the monthly income and expenses set forth of Schedule I and J shows a monthly deficit of $5,050.00. Nonetheless the Debtors sought to reaffirm these car obligations and stated that they had no rental expense because they moved in with parents and thus implied they no longer had any rent expense.

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 5

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

4.9     Upon information and belief, the amounts listed on schedule J as expenses are false.

**Amount of Income Disclosed on Schedules is Substantially Understated**

4.10    In answer to question 4 on the Statement of Financial Affairs ("SOFA") the Debtors indicate that their income from employment for the past three years was as follows:

| | |
|---|---|
| To Petition Date 2016: | $   750.00 |
| 2015 | $10,000.00 |
| 2014 | $78,198.00 |

4.11    In answer to question 5 on the SOFA the Debtors state that they received the following funds other than from employment:

| | |
|---|---|
| To Petition Date 2016: | $1,200.00 |
| 2015 | $70,00.00 |

4.12    Thus, per their sworn bankruptcy schedules their total combined income for the last three years was

| | |
|---|---|
| To the Petition Date, 2016 | $1,950.00 |
| 2015 | $80,000.00 |
| 2014 | $78,198.00 |

4.13    The Debtors deposited the following amounts into their personal bank account at US Bank account ending 2673, BECU account ending 6348 and Bank of America account ending 3588[2]. These deposits appear to be in the nature of regular monthly income.

| Year | US Bank | BECU | BOA | Bank of Korea | Total |
|---|---|---|---|---|---|

---

[2] Jieun Yoo has a separate bank account at U.S. Bank, but the Trustee does not have those records and as such any funds going into her separate account that could be construed as income are not included in these totals.

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 6

Wood & Jones, P.S.
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 16-01179-CMA    Doc 1    Filed 07/22/16    Ent. 07/22/16 17:55:42    Pg. 6 of 17

| Year | | | | | |
|---|---|---|---|---|---|
| 2016 | $ 1,025.00 | $ 600.00 | $ 4,160.00 | $ 0.0 | $ 5,785.00 |
| 2015 | $648,086.32 | $83,941.00 | $ 56,084.75 | $54,983.25 | $843,095.23 |
| 2014 | $671,735.83 | $17,088.67 | $119,576.89 | $20,000 | $828,401.39 |

4.14 In addition, in answer to Question 5 of the SOFA the Debtors failed to disclose that in 2014 they received $249,960.05 from the sale of the Medina Property and $25,513.60 from the sale of the 49th Street Property, instead disclosing only that they received $70,000.00 from family support. The answer to Question 5 of the SOFA as to income received in 2015 is understated by at least $275,473.65. When the house proceeds, family support and deposits are added together for 2014 it appears they received total proceeds in 2014 of $1,173,875.04.

**Payments Made to Creditors Within 90 Days**

4.15 In answer to Question 6 the SOFA the debtors were required to disclose all payments made within 90 days of the Petition Date and they stated they made payments to BECU on their automobile loans within 90 days to the Petition Date but disclose no other payments to or for their benefit within 90 days of the Petition Date. This statement is false.

4.16 The Debtors wrote check number 2360 from their Bank of America checking account, ending 3588, to Trinity Presbyterian Church in the amount of Four Thousand Dollars ($4,000.00) on January 12, 2016 which cleared the bank on January 15, 2016 but it was not disclosed in answer to Question 6 on the SOFA.

4.17 The Debtors wrote check number 4011 from their U.S Bank checking account, ending 2673, to Robert Hronek in the amount of Fifteen Thousand Three Hundred Fifty Dollars ($15,350.00) on November 20, 2016 which cleared the bank on November 20, 2016 but it was not disclosed in answer to Question 6 on the SOFA.

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 7

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 16-01179-CMA    Doc 1    Filed 07/22/16    Ent. 07/22/16 17:55:42    Pg. 7 of 17

4.18    The Debtors wrote check number 3984 from their U.S Bank checking account, ending 2673, to GoldenLake LLC in the amount of Six Thousand Two Hundred Eighty Dollars ($6,280.00) on November 12, 2016 which cleared the bank on November 20, 2016 but it was not disclosed in answer to Question 6 on the SOFA.

4.19    The Debtors wrote check number 4010 from their U.S Bank checking account, ending 2673, to GoldenLake LLC in the amount of Six Thousand Two Hundred Eighty Dollars ($6,280.00) on October 13, 2016 which cleared the bank on November 20, 2015 but it was not disclosed in answer to Question 6 on the SOFA.

4.20    Within 90 days of the Petition Date the Debtors transferred $17,700.00 to the SAS Companies but those transfers were not disclosed in answer to Question 6 on the SOFA.

**Payments Made within One Year**

4.21    In answer to Question 7 of the SOFA the Debtors indicated that within one year prior to the Petition Date the Debtors made no payments to or for the benefit of any insiders.  Within one year of the Petition Date the Debtors transferred $134,517.60 from their various bank accounts to the SAS Companies.  Most of the checks do not state the reason for the transfer, but several do state in the "re:" line loan payoff.

4.22    In answer to Question 16 of the SOFA the Debtors were required to disclose all payments made by them, or anyone on their behalf within one year from the Petition Date to anyone they consulted with about seeking bankruptcy or preparing a bankruptcy. The Debtors listed their current counsel Darrel Carter of CBG Law Group.

4.23    On June 26, 2015 the Summit Assets Strategies Inc., LLC., cut check #3280 from its US Bank account, ending 1388, to D. Benjamin Lee in the amount of Three Thousand Five Hundred Dollars ($3,500.00) as a retainer.  On July 31, 2015 it made check #3285 payable to Benjamin Lee in the amount of $925.00 and the notation says "Bk-filing".

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 8

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 16-01179-CMA    Doc 1    Filed 07/22/16    Ent. 07/22/16 17:55:42    Pg. 8 of 17

On the same day, July 31, 2015 it cut check #3287 to Benjamin Lee in the amount of $1,225.00. None of those transfers are disclosed in answer to Question 16 of the SOFA.

**Debtors' Did Not Disclose their Interest in all Businesses**

4.24 In answer to question 27 on the SOFA the Debtors were required to disclose their interest in any Limited Liability Corporations and also disclose any businesses in which they were an officer, director or managing executive of a corporation. The Debtors answered that they were involved in only one LLC and that was Summit Asset Strategies.

4.25 The Debtors failed to disclose that Chris Yoo was the Manager of SAS Investment which was formed in the State of Washington on April 6, 2009.

4.26 The Debtors failed to disclose that Chris Yoo was the Manager of SAS Wealth which was formed in the State of Washington on January 16, 2006.

4.27 The Debtors failed to disclose their interest in Vertex Strategies, Inc., which was incorporated in the State of Washington on April 22, 2008. Chris Yoo is the Registered Agent and all officers.

4.28 The Debtors failed to disclose that Chris Yoo was an officer of Trinity Presbyterian Church of Washington.

**Failure to List Creditors**

4.29 Upon information and belief, the Trustee alleges that the following individuals are creditors of the Debtors who were intentionally not listed on the original schedules or the amended schedules:

Robert Anderson;

Helena Bierly;

Ok Hyun Cho;

Doris Clore;

Ruth Croswell;

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 9

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 16-01179-CMA   Doc 1   Filed 07/22/16   Ent. 07/22/16 17:55:42   Pg. 9 of 17

Farrar Living Trust;

Craig & Lola Hanada;

Gregory P. Tralle;

Terry A. Johnson;

David Keeney;

Chong Suk Hu;

Chang Ku Lee;

Mi Yeon Lee;

Won Sup Lee;

Yushin Lee;

Joseph R. Maio;

Gerald D. Nakata;

Linda Newman;

Stephen & Colleen Olsen;

So Sun Park;

Schurra Living Trust;

Shirley Slater;

Gary Sugai;

Erin Thorn;

Frances E. Ungemach Trust;

Chung Ho and Kab Sun Woo;

Warrn & Marian Yasutake;

Young Ho Sohn;

Kyong Chae;

Noah Ham;

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 10

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 16-01179-CMA    Doc 1    Filed 07/22/16    Ent. 07/22/16 17:55:42    Pg. 10 of 17

Roberta Wilamson;

Hwang Ho;

Ki-Chang Park;

Kab Sun Woo;

Summit Strategic Opportunities Fund I, LLC;

Summit Stable Value Fund

4.30   The Debtors original schedules listed ten (10) unsecured creditors.  At the §341 meeting the Debtors indicated that they did not list various creditors because they did not know if they were personally liable for the claims, instead indicating those creditors could seek to recoup their losses from some crime restitution fund, but agreed that was not a valid reason not to have scheduled the creditors.  The Debtors agreed to amend their schedules to list all entities who could potentially have any claims against the Debtors arising out of the operation of their business.

4.31   The Debtors amended their schedules on March 18, 2016. However, they only added 13 new general unsecured creditors with claims totaling $2,767,049.03.  The Trustee believes that there are substantially more than 13 individuals who invested money with the SAS Companies, and believes the totaling owing to those individuals is far in excess of $2,767,049.03.

4.32   On April 18, 2016 Hyun Jung Hong filed an objection to the discharge of the Debtors pursuant to §523.  Mr. Hong was not listed as a creditor on the original petition nor on the amended petition.  The Debtors have not amended their schedules to include Mr. Hong as a creditor.

4.33   On April 14, 2016, In Hi Hwang, Hi-Chang Park and Chung Ho Woo and others filed an objection to the discharge of the Debtors.   Neither Park nor Woo were

COMPLAINT OBJECTING  
TO DISCHARGE PURSUANT  
TO SECTION 727 OF THE CODE  
Page 11

**Wood & Jones, P.S.**  
303 N. 67th Street  
Seattle WA 98103  
(206) 623-4382

Case 16-01179-CMA    Doc 1    Filed 07/22/16    Ent. 07/22/16 17:55:42    Pg. 11 of 17

listed as creditors on the original petition nor the amended petition, nor have the Debtors amended their schedules to include these individuals as creditors.

4.34   The Trustee believes that there are substantially more creditors whom the Trustee has not yet discovered. Upon information and belief, the Trustee alleges that the Debtors have understated their liabilities by at least $12 Million Dollars.

**Sale of Property Within Two Years of the Petition Date**

4.35   In answer to question 18 of the SOFA the debtors were required to disclose any sale of any property within two years of the Petition Date. The Debtors disclosed a sale of real property located at 1641 Evergreen Point Road, Medina, Washington. That address is incorrect; the address of the Property is 1911 Evergreen Point Drive. The Debtors failed to disclose that on April 25, 2014 they sold real property located at 19252 SE 49th Street, Issaquah, Washington ("49th Property") and received net proceeds of $25,513.00.

**Failure to Disclose Tax Refund**

4.36   In answer to Question 28 on Schedule A/B the Debtors indicate that they were not entitled to receive any tax refunds. Yet on February 24, 2016 the Debtors received a tax refund in the amount of $3,581.00.

**Testimony at 341 hearing**

4.37   At the section 341 hearing conducted on February 18, 2016, both Debtors testified that there were no errors on their bankruptcy schedules, that they had listed all their assets and listed all their creditors on their bankruptcy schedules.

4.38   Debtor Chris Yoo also testified that he was the signatory on the various Summit Asset Strategy bank accounts until approximately May of 2013 when the SEC revoked his authority to be a signatory on any of the Summit Asset company bank

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 12

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 16-01179-CMA    Doc 1    Filed 07/22/16    Ent. 07/22/16 17:55:42    Pg. 12 of 17

statements. This statement was false. Chris Yoo remained a signatory on all Summit Asset bank accounts know by the Trustee.

4.39   Debtor Chris Yoo testified that he owned 87% of Summit Asset Strategies Group, but in answer to Question 18 of the SOFA the Debtors indicated that they owned 100% of the interest in Summit Asset Strategies Group.

4.40   At the 341 meeting the Trustee asked if Mr. Yoo's daily activities included selling of investment products to individual investors and he testified it was not. He testified that he was not really involved in the selling aspect, that he had only sold a few investment products. This statement was false. Mr. Yoo sold most, if not all, of the investment products to the investors.

4.41   Debtor Chris Yoo testified that he only paid back investors if their notes were due. This statement was false. Numerous investors were repaid whose notes had not yet matured.

4.42   Debtor Chris Yoo testified that all money the various SAS Companies had was paid out to investors. This statement was false. Substantial payments on investor money was paid to or for the benefit of these Debtors.

4.43   Attorney Bill Spur attended the §341 meeting. He asked Mr. Yoo a few questions and then Mr. Yoo refused to answer any other questions, instead invoking his 5th amendment right. Mr. Yoo did not listen to the questions and then invoke them if the answer might incriminate him, he just advised Mr. Spur that he was taking "the Fifth on every question".

**Failure to maintain records from which his financial condition could be ascertained.**

4.44   In order to ascertain the Debtors' financial condition one would have to review the records of his various companies, including the SAS Companies. Yoo agreed to produce all of the corporate records to the attorneys for the Receiver of SSVF and SSOP I

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 13

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 16-01179-CMA    Doc 1    Filed 07/22/16    Ent. 07/22/16 17:55:42    Pg. 13 of 17

Investment. He produced 40 boxes of documents and a computer. The Trustee's counsel reviewed the 40 boxes of documents and they are of little to no benefit because there are no records from 2015 and only a few records from 2014. There are no bank statements, canceled checks, or general ledgers in the hard documents. There was no file produced showing loans or distributions to Yoo or loans/capital contributions from Yoo. Based on the records produced the Receiver the Trustee is unable to ascertain how the Debtors' got in this current financial condition.

4.45 The Trustee is unable to determine how it is that the Debtors are able to afford to pay $6,820.00 a month in rent payments for the lavish house they live in, along with $1,449.38 in car payments when their total disclosed monthly income is $2,730.00.

**Bank Accounts**

4.46 The Debtors disclosed that they have two bank accounts at US Bank, one checking account at BECU, and one checking account at Bank of America. They failed to disclose their PayPal account, Ameritrade account or their bank account maintained at the Bank of Korea.

**Loans**

4.47 The Debtors' schedules do not list any liabilities that they owed to any of the SAS Companies.

4.48 The Debtors' schedules do not list any funds owed by any of the SAS Companies to the Debtors.

4.49 Upon information and belief the Trustee alleges that the Debtors owed substantial liabilities to the various SAS Corporations. The various SAS corporations were not listed as creditors on the schedules.

### V. FIRST CAUSE OF ACTION – SECTION 727(A) (2)

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 14

Wood & Jones, P.S.
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 16-01179-CMA    Doc 1    Filed 07/22/16    Ent. 07/22/16 17:55:42    Pg. 14 of 17

5.1     Plaintiff re-alleges and incorporates by reference the allegations set forth above.

5.2     The Debtor with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title has transferred, removed, destroyed or mutilated or concealed, or has permitted to be transferred, removed destroyed, mutilated or concealed – (A) property of the debtor within one year before the date of the filing of the petition; and/ or (B) property of the estate, after the date of filing. These and other acts committed before and during this case, were and are in violation of 11 U.S.C. §727 (a) (2).

## VI.     SECOND CAUSE OF ACTION – SECTION 727(A)(3)

6.1     Plaintiff re-alleges and incorporates by reference the allegations set forth above.

6.2     The Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might be ascertained, and the act or failure to act was not justified under all the circumstances of the case. These and other acts committed before and during this case, were and are in violation of 11 U.S.C. §727 (a)(3).

## VII.     THIRD CAUSE OF ACTION – SECTION 727(A)(4)

7.1     Plaintiff re-alleges and incorporates by reference the allegations set forth above.

7.2     The Debtor knowingly and fraudulently in or in connection with the case – (A) made a false oath or account and (D) withheld from an officer of the estate entitled to possession, any recorded information, including books, documents, records and papers,

COMPLAINT OBJECTING  
TO DISCHARGE PURSUANT  
TO SECTION 727 OF THE CODE  
Page 15

**Wood & Jones, P.S.**  
303 N. 67th Street  
Seattle WA 98103  
(206) 623-4382

Case 16-01179-CMA    Doc 1    Filed 07/22/16    Ent. 07/22/16 17:55:42    Pg. 15 of 17

relating to the Debtor's property or financial affairs. These and other acts committed before and during this case, were and are in violation of 11 U.S.C. §727 (a)(4).

## VIII. FOURTH CAUSE OF ACTION – SECTION 727(A)(5)

8.1 Plaintiff re-alleges and incorporates by reference the allegations set forth above.

8.2 The Debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities. These and other acts committed before and during this case, were and are in violation of 11 U.S.C. §727 (a)(5).

## IX. FIFTH CAUSE OF ACTION – SECTION 727(A)(6)

9.1 Plaintiff re-alleges and incorporates by reference the allegations set forth above.

9.2 The Debtor has refused to answer questions based upon an improperly invoked Fifth Amendment Right. These and other acts committed before and during this case, were and are in violation of 11 U.S.C. §727 (a)(6).

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. For denial of the debtors' discharge pursuant to section 727(a)(2), (3), (4), (5) and (6);

B. For such further relief as the court deems equitable and just.

Dated this 22nd day of July, 2016.

**WOOD & JONES, P.S.**

*/s/ Denice E. Moewes*_____
Denice E. Moewes, WSBA #19464
Attorney for Chapter 7 Trustee
Edmund J. Wood

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 16

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 16-01179-CMA    Doc 1    Filed 07/22/16    Ent. 07/22/16 17:55:42    Pg. 16 of 17

COMPLAINT OBJECTING
TO DISCHARGE PURSUANT
TO SECTION 727 OF THE CODE
Page 17

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Case 16-01179-CMA    Doc 1    Filed 07/22/16    Ent. 07/22/16 17:55:42    Pg. 17 of 17